UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

HECTOR BOSQUEZ,

                                    Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND W. KELLY, COMMANDING OFFICER
PATROL BOROUGH BROOKLYN SOUTH
ASSISTANT CHIEF JOSEPH FOX, CAPTAIN PETER
SIMONETTI, DETECTIVE EDWARD M. MATTERA
SHIELD NO. 05120, POLICE OFFICERS  JOHN DOE #
1-2,

                                    Defendants.

------------------------------------------------------------------------ x

**ANSWER TO FIRST
AMENDED COMPLAINT
07 CV 3928 (VM)**

JURY TRIAL DEMANDED

        Defendants City of New York, Police Commissioner Raymond Kelly, Assistant Chief Joseph Fox and Captain Peter Simonetti[1], by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the First Amended Complaint, respectfully allege, upon information and belief, as follows:

        1. Deny the allegations set forth in paragraph "1" of the Amended Complaint, except admit that plaintiff purports to proceed as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the Amended Complaint, except admit that on February 21, 2006 plaintiff was arrested.

        3. Deny the allegations set forth in paragraph "3" of the Amended Complaint, except admit that plaintiff purports to proceed as stated therein.

---

[1] Detective Edward Mattera retired from the New York City Police Department and has not been served with the Summons and Amended Complaint to date and accordingly is not a defendant at this time.

4. Deny the allegations set forth in paragraph "4" of the Amended Complaint, except admit that plaintiff purports to proceed as stated therein and invokes pendant party and supplementary jurisdiction over plaintiff's state law claims as stated therein.

5. Deny the allegations set forth in paragraph "5" of the Amended Complaint.

6. Deny the allegations set forth in paragraph "6" of the Amended Complaint, except admit that plaintiff purports to base venue as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Amended Complaint.

8. Admit the allegations set forth in paragraph "8" of the Amended Complaint.

9. Deny the allegations set forth in paragraph "9" of the Amended Complaint, except admit that Raymond Kelly is the Police Commissioner of the New York City Police Department and was the Commissioner of the New York City Police Department on February 21, 2006, and that plaintiff purports to sue him as stated therein.

10. Deny the allegations set forth in paragraph "10" of the Amended Complaint, except admit that Joseph Fox was employed by the City of New York as Assistant Chief for Brooklyn South Police Borough, on February 21, 2006, and plaintiff purports to sue him as stated therein.

11. Deny the allegations set forth in paragraph "11" of the Amended Complaint, except admit that defendants Captain Peter Simonetti is and was a member of the New York City Police Department on February 21, 2006.

12. Defendants state that the allegations set forth in Paragraph "12" of the Amended Complaint constitute legal conclusions to which no response is required.

13. Defendants state that the allegations set forth in Paragraph "13" of the Amended Complaint constitute legal conclusions to which no response is required.

14. Deny the allegations set forth in paragraph "14" of the Amended Complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on March 6, 2006 and that the claim has not been settled or adjusted.

15. Deny the allegations set forth in paragraph "15" of the Amended Complaint, except admit that on February 21, 2006, plaintiff was in the vicinity of 50th Street and 7th Avenue in Brooklyn, New York when he was observed smoking marijuana in public view.

16. Deny the allegations set forth in paragraph "16" of the Amended Complaint.

17. Deny the allegations set forth in paragraph "17" of the Amended Complaint.

18. Deny the allegations set forth in paragraph "18" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Amended Complaint regarding pain, suffering or emotional trauma.

19. In response to the allegations set forth in paragraph "19" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "18" of this answer, as if fully set forth herein.

20. Deny the allegations set forth in paragraph "20" of the Amended Complaint.

21. Deny the allegations set forth in paragraph "21" of the Amended Complaint.

22. In response to the allegations set forth in paragraph "22" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "21" of this answer, as if fully set forth herein.

23. Deny the allegations set forth in paragraph "23" of the Amended Complaint.

24. Deny the allegations set forth in paragraph "24" of the Amended Complaint.

25. Deny the allegations set forth in paragraph "25" of the Amended Complaint.

26. Deny the allegations set forth in paragraph "26" of the Amended Complaint.

27. Deny the allegations set forth in paragraph "27" of the Amended Complaint.

28. Deny the allegations set forth in paragraph "28" of the Amended Complaint.

29. Deny the allegations set forth in paragraph "29 of the Amended Complaint.

30. In response to the allegations set forth in paragraph "30" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "29" of this answer, as if fully set forth herein.

31. Deny the allegations set forth in paragraph "31" of the Amended Complaint.

32. Deny the allegations set forth in paragraph "32" of the Amended Complaint.

33. Deny the allegations set forth in paragraph "33" of the Amended Complaint.

34. In response to the allegations set forth in paragraph "34" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "33" of this answer, as if fully set forth herein.

35. Deny the allegations set forth in paragraph "35" of the Amended Complaint.

36. Deny the allegations set forth in paragraph "36" of the Amended Complaint.

37. Deny the allegations set forth in paragraph "37" of the Amended Complaint.

38. Deny the allegations set forth in paragraph "38" of the Amended Complaint.

39. In response to the allegations set forth in paragraph "39" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "38" of this answer, as if fully set forth herein.

40. Deny the allegations set forth in paragraph "40" of the Amended Complaint.

41. The allegations set forth in paragraph "41" are legal conclusions to which no response is necessary.

42. In response to the allegations set forth in paragraph "42" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "41" of this answer, as if fully set forth herein.

43. Deny the allegations set forth in paragraph "43" of the Amended Complaint.

44. Deny the allegations set forth in paragraph "44" of the Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

45. The Amended Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

46. Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

47. Defendants Kelly, Fox, and Simonetti have not violated any clearly established constitutional or statutory rights of which a reasonable person should have known and therefore are protected by qualified immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

48. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

49. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

50. At all times relevant to the acts alleged in the Amended Complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

51. Plaintiff caused or provoked any incident.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

52. Punitive damages cannot be assessed against the City of New York.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

53. Plaintiff's claims of false imprisonment and malicious prosecution are barred by *Heck v. Humphrey*.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

54. Defendants Commissioner Kelly and Chief Fox and Captain Simonetti had no personal involvement in any incidents alleged in plaintiff's Amended Complaint.

**WHEREFORE,** defendants City, Kelly, Fox, and Simonetti request judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         August 21, 2007

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendants City of New York, Kelly, Fox, and Simonetti
100 Church Street
New York, New York 10007
(212) 788-1894

By: _____
DAVID M. POLLACK (DP 3873)
Assistant Corporation Counsel

TO:   Nicole Bellina, Esq.
      Stoll & Glickman
      Attorney for Plaintiff
      71 Nevins Street
      Brooklyn, New York 11217